*Wayne Circuit Court—In Chancery.*

### JOSEPH KIRSCH

#### vs.

### CONSTANZA KIRSCH.

*Chancery Practice—Rule 47.*

A party who accepts the costs taxed by the court in making an order allowing an order of reference to be entered *nunc pro tunc,* after the time limited by Chancery Rule 47 has elapsed, thereby waives his right to complain of such order.

Complainant moved the court for an order of reference and to take testimony before a circuit court commissioner in a cause pending in a court of Chancery, to be entered *nunc pro tunc.*

Defendant objected to such order as in violation of Chancery Rule Number 47, requiring such order to be entered within 30 days after filing replication in the

cause, inasmuch as forty-two days had elapsed since filing said replication, and no excuse being offered by complainant for neglecting to enter said order within the time required by the rule.

The Court, CHAMBERS J., granted the motion on the payment of five dollars costs as the terms of the order. The terms of the order were complied with.

Defendant, not satisfied with the rulings of the court below, applied to the Supreme Court for a writ of mandamus, compelling the court below to vacate said order.

At the hearing of motion for mandamus before the Supreme Court, held, that, as the order complained of was granted upon terms, and the terms had been accepted by defendant, she, (defendant), must be deemed to have waived her right to complain of the entry of the order, and the motion for mandamus was therefore denied.*

(May, 1881.)

*A. M. Henry* for Complainant.

*G. F. Beasley* for Defendant.

---

*Perhaps the case should be entitled in the Supreme Court. No opinion was filed in that court in the matter of the application for writ of mandamus, though the reason for their refusal to grant the writ is correctly stated above.